Kristy L. Peters, Bar No. 024756
kpeters@littler.com
Michael B. Guilliam, Bar No. 035069
mguilliam@littler.com
LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, Arizona 85016
Telephone:   602.474.3600
Fax No.:     602.957.1801

Attorneys for Defendant
Uber Technologies, Inc.

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keith LeBlance,<br><br>            Plaintiff,<br><br>      v.<br><br>Uber Technologies, Inc.,<br><br>            Defendant. | Case No. CV25-03028-DWL<br><br>**DEFENDANT'S REPORT ON THE STATUS OF ARBITRATION PROCEEDINGS** |

Pursuant to the Court's February 25, 2026 Order, Defendant Uber Technologies, Inc. ("Defendant" or "Uber") hereby provides its Report on the Status of Arbitration Proceedings.

On September 16, 2025, the Court granted Uber's Motion to Compel Arbitration and ordered that, "[t]he parties shall engage in private arbitration as contemplated by the arbitration agreement" ("Order"). Doc. 8. The arbitration agreement (the "Provision") expressly contemplates that "the party bringing the claim in arbitration must first demand arbitration in writing" and "file the written demand for arbitration with the applicable arbitration provider." *See* Doc. 7-4, pp. 21. These terms must be complied with as ordered by the Court and under the Federal Arbitration Act ("FAA"), which requires agreements to

LITTLER
MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback
Road
Suite 900
Phoenix, AZ 85016
602.474.3600

be enforced according to their terms.

Plaintiff Keith LeBlance's ("Plaintiff" or "LeBlance") February 23, 2026 Notice states there is "non-compliance" with the Court's Order. *See* Doc. 28, p. 1. Assuming Plaintiff wishes to arbitrate, the only non-compliance is by Plaintiff. As of the submission of this Status Update, Plaintiff has not complied with the Provision in demanding arbitration. It remains uncertain, however, whether he intends to arbitrate as he denies the validity of the Provision altogether, referencing the Provision only when arguing that this matter should be consolidated with other spurious litigation against the State of Arizona, its agencies, and other third parties. But if he does wish to pursue his claims against Uber, the Court's Order is clear: Plaintiff must initiate arbitration as contemplated by the Provision (not Uber). Defendant has not denied, let alone received, any written demand for arbitration from Plaintiff. Instead, Uber has been forced to defend against several attempts by Plaintiff to invalidate this Court's decision to stay the case pending the results of arbitration and to force this matter back to state court. All of his attempts are improper as they conflict with the Court's Order and stay of this case pending arbitration. Uber contends that the case must remain stayed pending arbitration should Plaintiff decide to comply with the term of the Provision the Court enforced.

I.   **Procedural Background**

Plaintiff filed suit in the Superior Court of Arizona in and for the County of Maricopa on July 24, 2025. *See* Doc. 1, p. 1. In his Verified Complaint, Plaintiff conceded that he accepted the Arbitration Provision but argued that it was inapplicable and unenforceable. *See* Doc. 1-1 at pp. 11-12 and 21-22. He served Defendant with the Verified Complaint on July 30, 2025, and Defendant timely removed this matter to the United District Court for the District of Arizona on August 19, 2025. *Id*. In its Notice of Removal, Defendant alerted Plaintiff of its intent to compel him to arbitrate his claims. *See Id*, fn. 1. On August 26, 2025, Defendant filed its Motion to Compel Arbitration and Stay Proceedings Pending the

LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

2

Outcome of Arbitration ("Motion to Compel"). See Doc. 7. In addition to explaining Plaintiff's obligation to proceed with arbitration, Defendant's Motion to Compel included a copy of Plaintiff's most recently acknowledged Platform Access Agreement, containing the applicable Arbitration Provision stating in relevant part that:

> "[p]rior to commencing arbitration…**the party bringing the claim in arbitration** must first demand arbitration in writing within the applicable statute of limitations period. The demand for arbitration shall include identification of the parties (including, if you are bringing the claim, the phone number and email address associated with your account for providing Deliveries ("driver account"), and the city in which you reside), a statement of the legal and factual basis of the claim(s), and a specification of the remedy sought and the amount in controversy."

See Doc. 7-4, p. 20 (emphasis added).

The Arbitration Provision imposes an obligation on Plaintiff, as the party bringing claims, to "first attempt to informally negotiate with the other party, in good faith, a resolution of the dispute, claim or controversy for a period of 60 days." *Id*. at p. 21. If that attempt does not result in a resolution, Plaintiff is then required to "file the written demand for arbitration with the applicable arbitration provider and serve a copy of the demand for arbitration on Uber." *Id*. Critically, the Provision states that "[d]elivering a written arbitration demand to the other party *will not relieve the party bringing the claim of the obligation to commence arbitration* as described above. It shall *always* be the obligation of the party bringing the claim to commence arbitration." *Id*, p. 22. (emphasis added)

Plaintiff did not commence arbitration as described above, nor did he respond to Defendant's Motion to Compel. On September 16, based on the arguments presented in the Motion to Compel and Plaintiff's failure to respond, the Court granted the Motion to Compel, stating that "[t]he parties shall engage in private arbitration as contemplated by the arbitration agreement." Doc. 8, p. 2. Instead of beginning the arbitration process, Plaintiff

LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

proceeded to file spurious pleadings in an attempt to overturn the Court's September 16 Order. On October 29, Plaintiff filed a "Notice of Enjoinded [sic] Required Parties to Adjudicate in the US District Court, claiming that "[d]ismissal [wa]s required." *See* Doc. 11, p. 7. On the same day, he also filed an "Emergency Motion to dismiss; Lack of Subject Matter Jurisdiction/Title IV-D; Fraud Upon the Court; Concealment of Material Facts." *See* Doc. 12. There, Plaintiff alleged that Defendant's Motion to Compel Arbitration was an "Unlawful Arbitration Attempt," claiming that the Provision was inapplicable and that Defendant had waived its right to arbitration. *Id*. at pp. 4-5. Citing Defendant's argument that Plaintiff is obligated to resolve his claims in arbitration, the Court "agree[d] that Plaintiff is not entitled to any relief based on his filing at Doc. 12 (or based on any of his other filings since the issuance of the September 16, 2025 order.)" Doc. 15, pp. 1-2.

Plaintiff did not comply with the Court's Order. Instead, he continued his efforts to litigate his case in federal court. On January 9, 2025, Plaintiff filed a "Notice of Reservation of Rights to Amend Complaint (Fed. R. Civ. P. 15 & 19); and Demand for Jury Trial" (the "January 9 Notice of Reservation") Doc. 21. There, Plaintiff noted his intent to file an Amended Complaint in order to add a variety of parties and federal claims. *Id*. Plaintiff also filed a "Motion for Clarification And Notice of Pending Joinder of Counsel as Co-Defendants," asking the Court to "acknowledge the nullity of the removal and administratively close the file to allow the State proceedings…to proceed." Doc. 22. The Court denied these filings as well on January 23, 2026. *See* Doc. 23. Plaintiff then filed, among other now-rejected pleadings, a "Notice of Non Compliance With Court Order Compelling Arbitration," claiming that "Defendant has not initiated any arbitration proceeding…[or] identified or clarified the specific subject matter to be submitted to arbitration." Doc. 28, p. 1.

**II.   Legal Analysis**

As noted in Defendant's Motion to Compel, the Provision is governed by the FAA.

LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

Accordingly, the FAA controls the analysis of the Provision, its application to this case, and the procedures that guide the Parties through this dispute. The Supreme Court has "often observed that the FAA requires courts "rigorously" to "enforce arbitration agreements according to their terms, including terms that specify…*the rules* under which that arbitration will be conducted." *Epic Systems Corp. v. Lewis,* 584 U.S. 497, 506 (2018) (*citing American Express Co. v. Italian Colors Restaurant,* 570 U. S. 228, 233 (2013)) (emphasis in original). Section 3 of the Arbitration Act thus provides for a stay of litigation pending arbitration "in accordance with the terms of the agreement" and Section 4 provides for "an order directing that…arbitration proceed in the manner provided for in such agreement." Consistently, the Court's Order held that, "[t]he parties shall engage in private arbitration **as contemplated by** the arbitration agreement." Doc. 8. (emphasis added). Compliance with the Provision's terms is required because the FAA protects parties' right to consent to arbitration as shaped by the parties, including the "the rules by which they will arbitrate." *Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639, 659 (2022) (citation omitted); *Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 683 (2010) ("Underscoring the consensual nature of private dispute resolution, … parties are 'generally free to structure their arbitration agreements as they see fit.'"); *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 351 (2011) (the "FAA requires courts to honor parties' expectations," even if they agree to atypical procedures).

Accordingly, courts have routinely confirmed that it is a claimant's obligation to move their own arbitration forward – and more importantly here, the responding party's distinct *lack* of obligation in that regard. *See, e.g. Shanferoke Coal & Supply Corp. v. Westchester Serv. Corp.,* 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583 (1935) ("If the plaintiff meant to proceed further and enforce a claim for damages, the initiative rested upon it; it should have named the first arbitrator. If it did not but sued instead, it was itself the party who fell 'in default in proceeding with such arbitration,' not the defendant."). "In other words, once a stay is granted under Section 3 [of the Federal Arbitration Act], litigation of

LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

5

the dispute may end there if the claimant chooses not to pursue arbitration…[and] a defendant is not generally required to push claims forward against itself." *Sims v. Montelli Chrysler, Inc.,* 317 F.Supp.2d 838, 841. The District Court of Arizona has come to the same conclusion. *See Peak v. Forever Living Products International, Inc.,* CV 11–903–PHX–SRB, 2011 WL 13174334 at *5 (D. Ariz. Sept. 30, 2011) (noting that the Defendant was not required to initiate arbitration, and a failure to do so was not a waiver of their right to arbitration); *see also Shoe Supply, Inc. v. Kyosei Kisen Kabushiki Kaisha,* No. C-72 2154 WHO, 1975 WL 6444184 (N.D. Cal. Mar. 3, 1975) (denying plaintiff's motion for an order to vacate a stay on the basis of defendant's inaction and noting that "the arbitration procedure agreed to by the parties requires the claimant…to initiate arbitration.").

Should Plaintiff wish to pursue his claims against Defendant, he must comply with the unequivocal procedures agreed to by the parties—*i.e.*, he must submit a demand for arbitration including specific information unique to the arbitration process, and he must continue to move arbitration forward if he wishes to proceed with his claims. *See* Doc 7-4, pp. 20 – 22. District Courts within the Ninth Circuit have recognized that the party seeking to initiate arbitration must comply with the procedural requirements that are laid out in the arbitration agreement, including the specific requirements for the contents and form of an arbitration demand. It is only when an agreement to arbitrate disputes "does not specify that particular rules…will apply [that] the party seeking to initiate arbitration is bound only to comply with [applicable]…court rules and to give fair notice to the opposing party. *Penuel v. Moriarty*, CIV 11-02025 PHX MEA, 2012 WL 12920548 (D. Ariz. July 27, 2012); *see also Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1122 (9th Cir. 2008) (overturning partial summary judgment in favor of the plaintiff based on his breach-of-agreement theory because he failed to properly initiate arbitration under the terms of the agreement).

Although there are clear parallels between the *Penuel* case and this one, the differences are even more persuasive. In *Penuel*, the plaintiff argued that Defendant should

6

be sanctioned for his refusal to agree to arbitration, claiming that plaintiff had sent several requests to arbitrate or mediate the dispute to the defendant over a period of two months, all of which had been denied. *Id* at *3. In response, the defendant argued that he was under no obligation to agree to arbitration because the demand for arbitration was in the form of an informal letter from plaintiff's counsel, rather than in the form prescribed by the arbitration agreement. *Id*. The *Penuel* court agreed with the Defendant, noting that compliance with the form of notice requirements was necessary because they were explicitly set out in the agreement. *Id*.

Likewise, the *Cox v. Ocean View Hotel Corp*. case has significant parallels to this matter. In *Cox*, the plaintiff was subject to an arbitration provision in his employment agreement that required him to demand arbitration in a form compliant with the Model Employment Arbitration Procedures of the of the American Arbitration Association ("AAA"). *Cox*, 533 F.3d at 1122. He argued that defendant had repudiated the agreement by refusing to engage in arbitration, despite the fact that he in turn had failed to comply with the agreement's requirements for initiating arbitration. *Id*. Cox argued that sending an informal letter to defendant to demand arbitration was sufficient, and the defendant's subsequent refusal nullified the contract altogether. The district court granted summary judgment in his favor, but the Ninth Circuit overturned this decision, holding that Cox was required to comply with the requirements of the AAA's Rules because the employment agreement clearly set out that requirement. *Id*.

The facts of this case are aligned with *Cox* and *Penuel*. Like Cox and Penuel, Plaintiff is subject to an Arbitration Provision that – in addition to requiring all claims relevant here to be addressed in arbitration – dictates in clear terms how Plaintiff must initiate arbitration and move the matter through the arbitration process. Unlike Cox and Penuel, Plaintiff has not even attempted to follow the procedures set forth in the Provision. To the contrary, he has not submitted any request for arbitration to Uber, and his various pleadings are not only

7

insufficient to constitute a demand for arbitration under the Provision, but they make it clear that Plaintiff does not believe this matter should proceed to arbitration at all. Despite this, Plaintiff now inexplicably claims that it is Defendant's obligation to initiate arbitration and to identify the claims that Plaintiff should bring, all while making untimely arguments that the Arbitration Provision is invalid and does not apply to his claims. In doing so, Plaintiff is effectively arguing that Defendant should begin the arbitration process for claims against it, all of which Uber maintains are baseless, by crafting Plaintiff's case for him. This is an absurd and unjust result, and directly contradictory to the terms of the Provision and the applicable law. Unlike the parties in Penuel and Cox, LeBlance has not done anything to move arbitration forward, nor does he claim to have done so. Instead, Plaintiff now pivots from his failed attempts to remand this case by completely reversing his position on arbitration and attempting to turn the Provision's procedures inside out.

### III. Conclusion

For the first six months of this case, Plaintiff claimed that the Arbitration Provision was many things – unenforceable, invalid, unconscionable, and wielded as an improper litigation tactic to name a few. Now that his attempts to nullify or invalidate the removal and Order compelling arbitration have uniformly failed, Plaintiff has reversed course, acknowledging that the Arbitration Provision is valid but suggesting that Defendant failed to comply with the Court's Order. Not surprisingly, he does not cite the Court's Order or any supporting authority. No authority requires Defendant to arbitrate against its own interests and directly violate the express terms of the Arbitration Provision. The case law and the terms of the Provision make it clear that it is Plaintiff's obligation, not Defendant's, to prosecute Plaintiff's claims. Sections 3 and 4 of the FAA in turn make it clear that this Court is obligated to rigorously enforce those terms to give the Arbitration Provision its fullest possible effect. As already ordered by the Court, the case should remain stayed pending arbitration.

LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

8

| | |
|---|---|
| Dated: March 11, 2026 | Respectfully submitted, |
| | *s/ Michael B. Guilliam* |
| | Kristy L. Peters<br>Michael B. Guilliam<br>LITTLER MENDELSON, P.C. |
| | Attorneys for Defendant |

I hereby certify that the original of the foregoing was electronically filed using CM/ECF and a copy of the same was mailed to the following if non-registrants, this 11th day of March, 2026, to:

Keith LeBlance
1204 North 91st Avenue Unit 12409
Tolleson, AZ 85353
vleblance@gmail.com
*Plaintiff*

*s/ Bethany Kelly*
4913-5279-1188.2 / 073208.3602

LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

9