**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Keith LeBlance,<br><br>               Plaintiff,<br><br>v.<br><br>Uber Technologies Incorporated,<br><br>               Defendant. | No. CV-25-03028-PHX-DWL<br><br>**ORDER** |

In July 2025, Plaintiff Keith LeBlance ("Plaintiff") sued Defendant Uber Technologies Inc. ("Defendant") in Maricopa County Superior Court. (Doc. 1-1 at 19-37.) Although Plaintiff's complaint is not a model of clarity, Defendant interprets it as alleging that Defendant acted improperly by "complying with an Income Withholding Order requiring Uber to garnish the income Plaintiff earned from the [Uber] Driver App." (Doc. 7 at 5.) The primary relief sought in the complaint is $6.5 million in damages, although the complaint also includes a request for "equitable relief enjoining further garnishments without court authority." (Doc. 1-1 at 19, 36.)

In August 2025, Defendant removed this action to federal court and moved to compel arbitration. (Docs. 1, 7.)

In September 2025, after Plaintiff failed to respond, the Court summarily granted the motion to compel arbitration, ordered the parties to engage in private arbitration as contemplated in the arbitration agreement, and stayed this action pending the completion of the arbitration proceeding. (Doc. 8.)

On February 23, 2026, Plaintiff attempted to file an amended complaint that purported to add Joy L. Malave ("Malave") as a co-plaintiff (Doc. 24), along with various other motions and documents, but the Court struck the amended complaint and denied the motions because they were impermissibly filed in violation of the stay and without a request to lift the stay (Doc. 29).

On May 27, 2026, Defendant filed a status update indicating that Plaintiff had not initiated the arbitration.  (Doc. 36.)

On June 1, 2026, the Court issued an order noting that Plaintiff had "inundated the Court with improper filings, resulting in the issuance of three orders reminding Plaintiff that this action is stayed pending completion of the arbitration proceeding" but had not initiated the arbitration proceeding, as was his responsibility under the parties' arbitration agreement, such that dismissal with prejudice was likely justified at that juncture.  (Doc. 37.)  However, "in an abundance of caution and in light of Plaintiff's pro se status," the Court gave Plaintiff "one final opportunity to come into compliance," setting a June 15, 2026 deadline for Plaintiff to initiate arbitration and file proof thereof on the docket.  (*Id.*)

On June 3, 2026, Malave, who identifies herself as Plaintiff's "lawful spouse," filed a motion to intervene.  (Doc. 38.)  Defendant opposes the motion.  (Doc. 40.)  The time to file a reply has expired and Malave did not file a reply.

The intervention request lacks merit.  As an initial matter, Rule 24(c) provides that "[a] motion to intervene must . . . be accompanied by a pleading that sets out the claim or defense for which intervention is sought."  Malave's motion fails to comply with this requirement—it is not accompanied by a proposed pleading.

Although this omission could be cured it if were the only deficiency, *see Arizonans for Fair Elections v. Hobbs*, 335 F.R.D. 261, 268 n.1 (D. Ariz. 2020), a separate requirement under both Rule 24(a), which governs intervention as of right, and Rule 24(b), which governs permissive intervention, is that the intervention request be "timely."  That requirement is not satisfied here.  "[T]imeliness for an intervention motion is generally governed by three factors: (1) the stage of the proceeding at which the applicant seeks to

intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Brown v. Google LLC*, 172 F.4th 1128, 1133 (9th Cir. 2026) (citation omitted). "The timeliness requirement seeks to prevent a tardy intervenor from derailing a lawsuit within sight of the terminal." *Id.* (citation omitted).

Beginning with the first factor, Malave seeks to intervene nearly a year after this case was initially filed by her husband and more than nine months after it was stayed pending the resolution of binding arbitration.  This effectively qualifies as a late stage in the proceeding in which the case is "within sight of the terminal." *Id.  See generally id.* at 1138 ("We apply a 'nuanced, pragmatic approach' to determine whether the intervention occurred at an appropriate stage of the case.").

Turning to the third factor, Malave fails to offer any explanation for the delay. Moreover, Malave seems to acknowledge that she has always been aware that her interests were being impaired by Defendant's challenged conduct—in her motion, Malave asserts that her "50% undivided community property interest in [Plaintiff's entity] is being directly and irreparably harmed by the weekly garnishment and withholding of 'instant pay' in the LLC's gross commercial receipts by Uber." (Doc. 38 at 3.)  This underscores why Malave could have joined in her husband's filing of this action at its inception in July 2025 or, at a minimum, should have sought to intervene after Defendant removed it to federal court and sought to compel arbitration in August 2025.  In *Brown*, the Ninth Circuit affirmed a district court's finding of untimeliness where there was a "three-month delay," there were "no . . . extenuating circumstances . . . to excuse the delay," and there was a "lack of explanation for" the delay.  *Brown*, 172 F.4th at 1138.  The same logic applies here, where the unexplained delay is even longer.

Finally, as for the second factor, the Court agrees with Defendant that it would be prejudicial to allow a new plaintiff to intervene into a stayed case more than nine months after the entry of an order compelling binding arbitration.  (Doc. 40 at 4-5.)

…

…

Accordingly,

**IT IS ORDERED** that Malave's motion to intervene (Doc. 38) is **denied**.

**IT IS FURTHER ORDERED** that, in light of Plaintiff's notice of compliance (Doc. 41), the Court will not dismiss this action with prejudice under Rule 41(b) at this time.  This action remains stayed.  Every six months from the issuance of this order, and then within 10 days of the conclusion of the arbitration proceeding, Defendant shall file a status report.

Dated this 29th day of June, 2026.

Dominic W. Lanza
United States District Judge