**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Keith LeBlance,

Plaintiff,

v.

Uber Technologies Incorporated,

Defendant.

No. CV-25-03028-PHX-DWL

**ORDER**

In September 2025, the Court granted Defendant's motion to compel arbitration and stayed this action. (Doc. 8.) Since the issuance of that order, Plaintiff has repeatedly attempted to file new motions and other legal documents, but the Court has made clear that such filings are improper in light of the stay. (Docs. 15, 23, 29, 32, 37.)

In March 2026, Defendant filed a status report indicating that the arbitration proceeding had not been initiated and that Plaintiff was responsible for initiating the arbitration. (Doc. 31.)

In May 2026, Plaintiff filed a motion that appeared to seek vacatur of an arbitration award. (Doc. 34.) The Court noted that there was "no indication on the docket that an arbitration award exists" and ordered Defendant to file another status report. (Doc. 35.) Defendant filed a status report again indicating that Plaintiff had not initiated the arbitration proceeding. (Doc. 36.)

On June 1, 2026, the Court issued an order acknowledging Defendant's "proof that, under the parties' arbitration agreement, Plaintiff is responsible for initiating the arbitration

proceeding" and concluding that "the Court would likely be justified at [that] juncture in dismissing this action with prejudice under Rule 41(b) based on Plaintiff's failure to prosecute and failure to comply with court orders." (Doc. 37.) The Court noted that "Plaintiff's non-compliance and failure to prosecute have thwarted the public's interest in expedited resolution of litigation and interfered with the Court's ability to manage its docket and Defendant faces a risk of prejudice from further delay," considerations which "outweigh the public policy favoring disposition of cases on their merits." (*Id.*) The Court further noted that "a without-prejudice dismissal would be impermissible under the circumstances because that outcome would enable Plaintiff to simply turn around and begin the litigation process anew, even though it has now been determined that Plaintiff must arbitrate." (*Id.*) Nevertheless, the Court gave Plaintiff "one final opportunity to come into compliance," warning Plaintiff "that if he does not come into compliance, this action will be dismissed with prejudice." (*Id.*)

On June 12, 2026, Plaintiff filed a document entitled "Notice of Compliance with Court Order mandate to Arbitrate." (Doc. 41.) The document is opaque but contains the phrase "I have initiated arbitration." (*Id.*)

On November 19, 2026, Plaintiff filed an "emergency" motion to lift the stay and return the case to this Court's docket. (Doc. 45.) Plaintiff states that he "has meticulously, fully, and in complete good faith satisfied every initiation requirement set forth in [Defendant's] Platform Access Agreement ('PAA') and every order issued by this court" because he "formally initiated arbitration, submitted a comprehensive Statement of Claim and Master Arbitration Packet, provided an adjudicated court fee deferral order . . . and satisfied every condition precedent required under federal law and contractual terms." (*Id.* at 1.) Nevertheless, according to Plaintiff, "the arbitral process has suffered a total structural collapse" because (1) the American Arbitration Association ("AAA") "issued a formal administrative closing determination, explicitly refusing to administer the matter because AAA was not designated as the arbitral provider in the PAA and absent post-dispute mutual agreement, AAA lacked authority to proceed" and (2) when the parties

agreed to use a certain arbitrator, Patrick Irvine, he declined. (*Id.* at 1-2.) Plaintiff adds that he "chooses NOT to invoke [9 U.S.C. § 5]" and takes the position that "[j]udicial appointment under § 5 is an equitable remedy unavailable to Defendants under the doctrine of unclean hands, as the collapse was directly engineered by defense counsel's bad faith procedural interference, off-record communications, and unresolvable ethical conflicts." (*Id.* at 2.) Plaintiff cites Exhibit A to his motion, which includes an email from the AAA stating it lacks authority to arbitrate without mutual agreement from the parties, an email from defense counsel offering "to reach out to Mr. Irvine's office" to "ask him to run conflicts to initiate retaining him for the arbitration" or "to hop on a call" with Plaintiff "to discuss if that's easier," an email from Plaintiff objecting to any attempt from defense counsel to participate in Mr. Irvine's "conflict-clearing determination," and an email from Mr. Irvine declining to serve as arbitrator. (*Id.* at 5-9.)

That same day, Plaintiff also filed a motion entitled "Plaintiff's Consolidated Master Brief in Support of Motion for Summary Judgment (FRCP 56)" that purports, in the first sentence, to instead be a motion for default judgment and only alternatively for summary judgment. (Doc. 46.)

As a preliminary matter, as the Court has stated time and again in this action, Plaintiff may not move for any relief (other than reinstatement) while this case is stayed. As such, Plaintiff's motion for summary judgment and/or default judgment (Doc. 46) is stricken.

As for Plaintiff's motion to lift the stay, this case was stayed for arbitration 14 months ago, and Plaintiff presents no argument for why the Court should now consider this state of affairs an "emergency." Nevertheless, having reviewed the motion, the Court concludes that further briefing is not needed to resolve the motion.

The Court has already ruled that (1) the parties "shall engage in private arbitration as contemplated by the arbitration agreement" (Doc. 8 at 2); and (2) "Plaintiff is responsible for initiating the arbitration proceeding" and "shall initiate arbitration" (Doc. 37 at 1-2).

Defendant previously provided the PAA as an attachment to its motion to compel

arbitration. (Doc. 7-4.) The PAA includes the following provision:

> The parties shall be required to meet and confer to select a neutral arbitration provider. . . . If the parties are unable to mutually agree upon an arbitration provider, then either party may invoke 9 U.S.C. § 5 to request that a court of competent jurisdiction appoint an arbitration provider . . . . Once the parties mutually agree upon a neutral arbitration provider, or an arbitration provider is appointed under 9 U.S.C. § 5, the ensuing arbitration shall commence . . . .

(Doc. 7-4 at 20 § 13.3(b).).

Here, the parties selected a neutral arbitration provider who declined to arbitrate. There is nothing in the PAA or in the Court's previous rulings to suggest that such an event relieved Plaintiff of the Court's ruling that the parties "shall engage in arbitration" or that Plaintiff "shall initiate arbitration." Plaintiff's assertion that "the contractually designated arbitral mechanism is entirely exhausted" (Doc. 45 at 2) is unavailing. To the contrary, the same avenues remain available to Plaintiff as were available before Mr. Irvine was agreed upon and then declined. Indeed, Plaintiff's pronouncement that he "explicitly chooses NOT to invoke" 9 U.S.C. § 5 reveals that Plaintiff recognizes that he has options and is simply choosing not to take them.

Plaintiff was warned that failure to initiate and engage in arbitration would result in dismissal of this action for failure to prosecute and was given "one final opportunity" to do so. Plaintiff has not done so and continues to disregard the Court's orders and attempt to evade arbitration.

"[O]nce a stay is granted under Section 3, litigation of the dispute may end there if the claimant chooses not to pursue its claims in arbitration." *Sims v. Montell Chrysler, Inc.*, 317 F. Supp. 2d 838, 841 (N.D. Ill. 2004). Such is the case here.

The Court incorporates the analysis of the *Ash* factors[1] from its June 1, 2026 order (Doc. 37) and concludes that dismissal with prejudice, which the Court previously concluded was likely justified at that juncture, is necessary at this juncture. *Cf. R & C Oilfield Servs. LLC v. Am. Wind Transport Grp. LLC*, 45 F.4th 655, 661 (3d Cir. 2022) ("The District Court did not abuse its discretion in dismissing the case with prejudice pursuant to Rule 41(b) following R&C's inaction for more than a year and clear statement

[1] *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984).

that it had no plans to pursue arbitration. In its opposition to American Wind's Rule 41 motion to dismiss, R&C simply repeated that it believed the arbitration clause was unenforceable and expressed concerns about the expense and futility of arbitration. R&C's belief and concern, however, does not excuse it from either complying with the order or promptly seeking review. It did neither. The Court, therefore, soundly exercised its discretion in dismissing this case.").

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for summary judgment and/or default judgment (Doc. 46) is **stricken** and Plaintiff's motion to lift the stay (Doc. 45) is **denied**.

**IT IS FURTHER ORDERED** that this action is **dismissed with prejudice** for failure to prosecute. The Clerk of Court shall terminate the action.

Dated this 25th day of November, 2026.

Dominic W. Lanza
United States District Judge